IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ROY DEARMORE, individually and as** § | |
| **Representative of all owners of single** § | |
| **Family residential property in** § | |
| **Garland Texas,** § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:05-CV-1231-L |
| § | |
| **CITY OF GARLAND,** § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Temporary Restraining Order, filed June 16, 2005. After careful consideration of the motion and applicable law, the court **denies without prejudice** Plaintiff's Motion for Temporary Restraining Order.

**I.   Factual and Procedural Background**

Plaintiff Roy Dearmore ("Dearmore" or "Plaintiff") seeks to have the court enjoin Defendant City of Garland ("City" or "Defendant") from enforcing the City's Ordinance No. 5895 ("Ordinance"). Dearmore contends that he will suffer irreparable injury if the City is not enjoined. He maintains that the Ordinance violates his Fourth Amendment right to be free from unreasonable searches; Fifth Amendment right to procedural and substantive due process and privacy; and 14th Amendment rights.

Dearmore owns four properties in the City that he rents to various tenants. The City adopted the Ordinance on April 19, 2005. The Ordinance requires a person or entity that owns one or more rent houses to (1) submit an application to operate each rental property; (2) obtain an annual permit

by paying the appropriate fee ($65); and (3) post and display the permit in a visible location inside the rental property. Garland, Tex., Ordinances ch. 32, § 32.09 (2005). The application and permit fee are to be paid no later than 60 days from the effective date of the Ordinance. § 32.09(C). The application is to include the name, address, telephone number and driver's license number of the owner, tenant and property manager. § 32.09 (B)((1)(a)(c). The City will inspect the property a least once a year, and failure of an owner to allow an inspection is an offense. § 32.09(F)(1)(3). When consent to inspect has been refused or cannot be obtained, the City is authorized to obtain a search warrant to conduct an inspection. § 32.09(F)(9).

Section 32.07 of the Ordinance requires that "a person who rents or leases three or more residential dwelling units to another person or persons which are part of a multifamily dwelling must obtain and maintain a valid multifamily license." Application for a multifamily dwelling license constitutes consent for the City's agents to enter and inspect individual dwelling units to determine compliance with the City's housing standards. § 32.07(E)(1). The application does not require the driver's license number of the owner, property manager or tenant. § 32.07 (B)(1). The Ordinance requires that all exterior windows designed to be opened on rented dwellings must be screened (§ 32.04(B)(5)); and all rented multifamily or single-family structures must be air conditioned. § 32.04(D)(5).

## II.   Motion for Temporary Restraining Order

There are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. To prevail, Plaintiff must demonstrate (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm, for which he has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining

order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Author. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*).  If a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.  *Id*.

The court determines that Plaintiff has failed to meet the four requirements for a temporary restraining order, and his motion should be denied.  Plaintiff contends that the Ordinance is invalid on its face because it authorizes warrantless inspections of private residences, has no rational basis and requires the disclosure of sensitive private information.  Specifically, Plaintiff maintains that the City is violating his Fourth Amendment rights by requiring him to consent to warrantless searches of his rental property as part of the permit process.  Plaintiff's Brief at 3.  He further contends that his Fifth Amendment rights are violated because there is no rational basis of many of the Ordinance provisions, including requiring that rental property be air conditioned and the windows be screened.  *Id.*  Plaintiff maintains that owner occupied housing does not have to meet these requirement. *Id.*  Plaintiff further maintains that privacy and due process rights are violated by the Ordinance requirement that he disclose his and the tenants driver's license number in the application.  *Id.*  Plaintiff asserts that he will suffer irreparable harm because these constitutional rights are being violated.  He states that he is "faced with either complying with an unconstitutional statute, or resisting and facing criminal prosecution."  *Id.* at 4.

Although Plaintiff offers some proof regarding irreparable harm, the court is not convinced that he has carried his burden on this element.  Regarding the other three prerequisites for a temporary restraining order, he wholly fails to address them.  Specifically, Plaintiff fails to demonstrate a substantial likelihood of success on the merits; that greater injury will result from

denying the temporary restraining order than from its being granted; and that a temporary restraining order will not disserve the public interest. Plaintiff simply states in a conclusory fashion that there is "little harm to the City of Garland in delaying enforcement of the statu[t]e, and it does irreparable harm to the Plaintiff whose constitutional rights are being violated." *Id.* at 4. Indeed, much of Plaintiff Dearmore's affidavit consists of arguments, conclusions and opinions, rather than facts in support of his temporary restraining order. *See* Affidavit of Roy Dearmore ¶¶ 4-8. In sum, Plaintiff fails to provide the necessary evidence and legal authority to demonstrate that he is entitled to a temporary restraining order. As Plaintiff has not met all the prerequisites for a temporary restraining order, the court **denies without prejudice** Plaintiff's Motion for Temporary Restraining Order.

**It is so ordered** this 28th day of June, 2004.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge